## MATTER OF GUERRA AND SANCHEZ

### In Deportation Proceedings

A-19930408

A-20525160

*Decided by Board March 28, 1975*

Respondents' due process hearing rights were not violated by the immigration judge's denial of their request to be represented in proceedings by individual lay persons who were not in any way connected with respondents or affiliated with a recognized organization as an accredited representative. Lay individuals who represent aliens before the Service as reputable individuals under 8 CFR 292.1(b) must do so on a case by case basis and requires the permission of the hearing officer to participate in the proceedings.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)] Entered without inspection (Guerra)

Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—After admission as a nonimmigrant, remained longer than permitted (Sanchez–Melendez)

ON BEHALF OF RESPONDENTS:
Albert F. Moreno, Esquire
Public Advocates, Inc.
433 Turk Street
San Francisco, California 94102

ON BEHALF OF SERVICE:
Irving A. Appleman, Esquire
Appellate Trial Attorney

At separate hearings before different immigration judges, at which they were unrepresented by counsel, respondents Guerra and Sanchez-Melendez were found deportable as charged on March 14, 1973 and June 11, 1973, respectively. Both were granted the privilege of voluntary departure. Respondent Sanchez-Melendez appealed the decision of the immigration judge, and on April 12, 1973 we ordered that the record in respondent Guerra's case be certified to this Board pursuant to 8 CFR 3.1(c). Respondent Sanchez-Melendez's appeal will be dismissed and the decision of the immigration judge with respect to respondent Guerra will be affirmed.

The two cases were consolidated for oral argument and briefed jointly by counsel.[1] In both cases it is contended that the respondents were

---

[1] A supplementary brief was filed on behalf of respondent Sanchez-Melendez regarding an issue not specifically presented by respondent Guerra's case. We believe, however,

denied due process of law by the immigration judge's refusal to permit their chosen representatives from appearing on their behalf as "reputable individuals," pursuant to the provisions of 8 CFR 292.1(b). Our review of the record and briefs, as well as the contentions advanced at oral argument, satisfies us that the immigration judges properly exercised their discretion in determining that the respondents' chosen representatives did not qualify under the applicable regulations.

We find that in neither case has a sufficient showing of prejudice been made, since both respondents are concededly deportable and have been afforded the maximum form of discretionary relief for which they were qualified, namely, voluntary departure. The allegation that a greater period of voluntary departure time might have been effectively urged by their chosen representatives is not supported by these records. In any event, an adequate remedy in that regard is still available through an application to the district director under 8 CFR 244.2. We therefore conclude that the immigration judges committed no prejudicial error which would warrant a remand for further hearing.

We further find that, notwithstanding the foregoing, the pertinent regulation does not warrant the interpretation urged by counsel. The history underlying the amended regulations in 1952 is persuasive that 8 CFR 292.1(b) contemplates representation by a reputable individual only on an *ad hoc* basis, and by a person who is connected in some way to the subject of the proceedings. It was not designed to permit a layman, who is not affiliated with a recognized organization as its accredited representative [2], and who is thus not subject to discipline, to engage in the wholesale representation of aliens who are strangers to him.[3] Further, the regulations clearly state that such representation must be with the *permission* of the presiding officer of the Service, or this Board, 8 CFR 292.1(b).

Approval by this Board of the representation of aliens by reputable individuals under 8 CFR 292.1(b) has always been on a case by case basis. To permit, as counsel urges, the "blanket" representation of aliens by lay persons, however familiar they are with immigration law and procedure, would, in our view, distort the intention of 8 CFR 292.1(b) and render meaningless the procedures outlined in 8 CFR 292.2 regarding the requirements for the recognition of accredited organizations.

that the thrust of this decision warrants consolidated treatment of all issues raised by counsel.

[2] See 8 CFR 292.1(c) and 8 CFR 1.1(j).

[3] In each, of the present cases the respondents elected to be represented by individuals who had been associated with social service organizations that were not recognized by this Board under 8 CFR 292.2. As lay persons, these individuals had entered appearances as "reputable individuals" under 8 CFR 292.1(b), although they made no claim to being personally acquainted with the respondents.

We recognize the importance of adequate representation of aliens in immigration proceedings, and we can agree with counsel that the aim of 8 CFR 292 is to expand and facilitate the opportunities for such representation. We are not insensitive to the difficult problems to which the issues in these cases draw attention. However, we cannot adopt counsel's premise that the immigration judges' actions in these cases constitute abuses of the discretion committed to them by 8 CFR 292.1(b), so as to amount to denials of due process. Their decisions are consistent with the past practices of this Board, and were adequately supported by the records before them. Accordingly, the following orders will be entered.

ORDER: Respondent Sanchez–Melendez's appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, respondent Sanchez–Melendez is permitted to depart from the United States voluntarily within 61 days from the date of this order or any extension beyond that time as may be granted by the district director, and in the event of failure so to depart, respondent Sanchez–Melendez shall be deported as provided in the immigration judge's order.

*Further order:* The decision of the immigration judge with respect to respondent Guerra is affirmed.

*Further order:* Pursuant to the immigration judge's order with respect to respondent Guerra, she is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, respondent Guerra shall be deported as provided in the immigration judge's order.

Irving A. Appleman, Board Member, abstained from consideration of this case.